REQUESTED BY: Stan Matzke, Director, Department of Administrative Services, State Capitol, Lincoln, Nebraska.
May elected officials and employees enter into contracts with the state while holding office or employed by the state?
Yes, unless a conflict of interest exists as defined by the Legislature or unless they are a person covered under section 81-149, R.S.Supp., 1976, or section 81-165.05, R.S.Supp., 1976.
Article III, Section 16, of the Constitution of the State of Nebraska provides:
 "No member of the Legislature or any state officer shall have a conflict of interest, as defined by the Legislature, directly in any contract, with the state or any county or municipality thereof, authorized by any law enacted during the term for which he shall have been elected or appointed, or within one year after the expiration of such term. The Legislature shall prescribe standards and definitions for determining the existence of such conflicts of interest in contracts, and it shall prescribe sanctions for enforcing this section."
This provision of the Constitution was amended in 1972. Prior to that time, Article III, Section 16, provided in part:
 ". . . or any state officer be interested, either directly or indirectly in any contract, with the state or any county or municipality thereof, authorized by any law enacted during the term for which he shall have been elected or appointed, or within one year after the expiration of such term."
In an opinion of the Attorney General February 2, 1972 (see Report of the Attorney General, 1971-1972, p. 228), our office held that such a provision precluded an employee of the State of Nebraska from serving on the Board of Parole while maintaining his employment with the state agency. This reaffirmed an earlier Attorney General's opinion to the same effect. (See Report of the Attorney General, 1951-1952, p. 378.) Subsequent to the rendition of the 1972 opinion, the Constitution was amended.
Where a constitutional provision by its terms is not self-executing, it requires action by the Legislature to implement it. By its terms, this section of the Constitution provides that the Legislature shall define a conflict of interest. Therefore, we must look to the enactments of the Legislature to determine whether they have defined situations in which a conflict of interest may arise.
Section 49-14,102, R.S.Supp., 1976, provides:
 "Except as otherwise provided by law no public official or public employee, a member of that individual's immediate family, or business with which the individual is associated shall enter into a contract valued at two thousand dollars or more, in any one year, with a governmental body unless the contract is awarded through an open and public process which includes prior public notice and subsequent availability for public inspection during the regular office hours of the contracting governmental body of the proposals considered and the contract awarded. No contract may be divided for the purpose of evading the requirements of this section. This section shall not apply to a contract when the public official or public employee does not in any way represent either party in the transaction. This section is intended to prevent public officials from engaging in certain activities under circumstances creating a substantial conflict of interest and is not intended to penalize innocent persons, and a contract shall not be absolutely void by reason of this section."
This section does not become operative until July 1, 1977. Until that time, we find no statute prohibiting contracts with the state other than those set forth below. Thus, after July 1, 1977, a public official or public employee may enter into contracts with the state by complying with the terms of this section. Should any question arise as to the property of such a contract, section 49-14,100, R.S.Supp., 1976, authorizes the Nebraska Accountability and Disclosure Commission to render binding advisory opinions. Under these provisions any person with a question with respect to the propriety of a proposed contract with the state must comply with the terms of section 49-14,102 and if any question arises, refer the matter to the commission for an advisory opinion. Upon compliance with these conditions, contracts may be executed between officers and employees of the state and the state. Two sections specifically exclude certain persons from certain contractual relationships with the state. Section 81-149 deals with the purchasing agent and in part provides:
 ". . . He shall not be, at any time during his term of office, connected, interested, or otherwise concerned, directly or indirectly, with any person, partnership, firm, association, corporation or other vendor, agent or intermediary, from or through whom any purchases, or contracts for purchases, shall be made by him during his incumbency in office."
It thereby precludes the individual holding that particular position from having contractual relationships with the State of Nebraska.
Similarly, section 81-161.05, R.S.Supp., 1976, contains a prohibition with respect to employees of the materiel division of the Department of Administrative Services, precluding any interest in contracts with the state.
With the exceptions set forth above, employees and officials of the state may enter into contracts with the State of Nebraska.